**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**YVETTE M. LaPLANTE**
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Nov 24 2014, 9:32 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES CASE, II, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A04-1405-CR-248 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Robert J. Pigman, Judge
Cause No. 82D02-1206-FA-631

**November 24, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Charles Case, II, appeals the forty-eight-year sentence imposed by the trial court following his guilty plea to two counts of class A felony child molesting. Case requests that we reduce his sentence pursuant to Indiana Appellate Rule 7(B). Concluding that Case has failed to meet his burden to establish that his sentence is inappropriate in light of the nature of the offenses and his character, we affirm.

**Facts and Procedural History**

Case is the father of a minor child, B.C. In June 2012, the Vanderburgh County Department of Child Services contacted the Evansville Police Department regarding allegations of sexual misconduct against Case made by B.C. Case subsequently admitted to police that he repeatedly had sexual intercourse and oral sex with B.C. beginning in August 2004, when she was nine years old, and continuing until August 2006, when she was eleven years old. Case admitted that he had sexual intercourse with B.C. more than twenty times and that he forced her to perform oral sex on him more than twenty times.

The State charged Case with forty counts of class A felony child molesting and two counts of class B felony incest. On March 6, 2014, Case pled guilty to two counts of class A felony child molesting. Pursuant to the plea agreement, the State dismissed the remaining forty charges. A sentencing hearing was held on May 16, 2014, and the trial court entered an order that provides in relevant part:

> Court now accepts the [Defendant's] plea and finds the [Defendant] guilty of Counts 1 and 2, both charging child molesting, both class A felonies and enters judgment of conviction thereon. Court accepts the State's limited sentence recommendation. Argument is held. Court now sentences the [Defendant] on

2

each count to the Indiana [Department] of Corrections [sic] for a period of forty-eight (48) years. Said sentence to be executed. Sentences in Counts 1 and 2 to be served concurrent to each other. Court finds aggravating circumstance to be the [Defendant's] relationship with the victim and that this is not an isolated incident. Court finds mitigating circumstances to be the [Defendant's] lack of a prior record and the [Defendant's] mental health condition. Court finds aggravating circumstances outweigh the mitigating circumstances calling for a sentence in excess of the standard sentence.

Appellant's App. at 26. This appeal ensued.

### Discussion and Decision

Case invites this Court to reduce his forty-eight year sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). We recognize that the "principal role of appellate review should be to attempt to leaven the outliers and to identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id*. at 1225. Indeed, "[t]he question under 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

The sentencing range for a class A felony is between twenty and fifty years with the advisory sentence being thirty years. Ind. Code § 35-50-2-4. The trial court sentenced Case to concurrent sentences of forty-eight years for his two class A felonies, two years below the maximum for just one offense. Case believes that this sentence is an outlier. We disagree.

Because Case does not delineate any arguments as relevant to either the nature of the offenses or his character as necessary for a proper Appellate Rule 7(B) analysis, the State argues that Case has waived appellate review of the appropriateness of his sentence. Indeed, Case references only certain mitigating factors that he argues the trial court failed to properly consider or give appropriate weight.[1] This is troubling because our supreme court has repeatedly made clear that inappropriate sentence claims are very different from claims that the trial court abused its discretion during sentencing. *King*, 894 N.E.2d at 267 (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218). While we agree with the State that Case's arguments are not well put, we will nevertheless address the merits of his inappropriateness claim.

---

[1] Case references the following factors that he alleges are mitigating: (1) that his crimes are not likely to recur due to the victim's current age; (2) that at forty-seven years old he is likely to respond positively to a short period of incarceration; and (3) his guilty plea. Case makes no argument that the trial court failed to consider these factors. Appellant's App. at 81. Instead, it appears that Case is challenging the trial court's failure to find each of these factors mitigating and/or the court's failure to assign sufficient mitigating weight to these factors. It is well settled that a court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Harman v. State*, 4 N.E.3d 209, 218 (Ind. Ct. App. 2014), *trans. denied*. Moreover, a trial court has no obligation to weigh aggravating and mitigating factors against each other, and an appellant may not argue that the trial court erred by failing to "properly weigh" such factors. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

As for the nature of his offenses, Case repeatedly molested his young daughter for at least two years. This was an abhorrent violation of the utmost position of trust. We are not persuaded that Case's sentence is inappropriate in light of the nature of his offenses.

Regarding his character, as we noted above, Case makes no specific argument that his sentence is inappropriate in light of his character. His only arguments that appear even remotely related to his character are the fact that he accepted responsibility for his crimes by pleading guilty and his claim that he has not molested anyone else in the last seven years and therefore it is "unlikely that he would start again after a period of incarceration." Appellant's Br. at 6. Case's guilty plea was clearly a pragmatic decision resulting in the dismissal of forty additional charges and we do not consider it a reflection of good character. Similarly, Case's claim that he has not molested another child in the last seven years does not persuade us that his sentence is an outlier. In sum, Case has not met his burden to demonstrate that his forty-eight-year sentence is inappropriate, and we decline his invitation for sentence reduction.

Affirmed.

RILEY, J., and MATHIAS, J., concur.